UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. JACKSON,<br><br>    Petitioner,<br><br>    v.<br><br>FRANCISCO J. QUINTANA, Warden,<br><br>    Respondent. | Case No. CV 17-2640-SJO (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**INTRODUCTION**

On April 6, 2017, petitioner Carlos D. Jackson filed a Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241 ("Petition"). At the time of filing, petitioner was housed at the Federal Correctional Institution in Lompoc, California, in this judicial district.

Petitioner seeks to challenge the legality of 60 months of the 180-month sentence imposed by the United States District Court for the District of Kansas in 2013. Specifically, petitioner argues that, under the United States Supreme Court's decision in *Rosemond v. United States*, __ U.S. __, 134 S. Ct. 1240, 188 L. Ed. 2d

1

248 (2014), he is actually innocent of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pet. at 5-7.

On April 17, 2017, this Court issued an Order directing petitioner to show cause why the Petition should not be recharacterized as a 28 U.S.C. § 2255 motion and dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred ("OSC"). On May 15, 2017, petitioner responded to the OSC by filing a document titled Petitioner's Response to Show Cause Order ("Response"). In his Response, petitioner argues this Court has jurisdiction to consider the Petition under § 2241 pursuant to § 2255's savings clause. *See* 28 U.S.C. § 2255(e). Petitioner also asserts he is actually innocent and that he had no practical opportunity to raise a *Rosemond* claim in his initial § 2255 motion. Response at 2-3. The Court disagrees.

For the reasons that follow, this Court lacks jurisdiction to entertain the Petition, and transfer to another court would not be in the interest of justice as the Petition is successive and time-barred. Consequently, the Court summarily dismisses the Petition without prejudice.

## II.

## **PROCEEDINGS**

Petitioner was indicted in the United States District Court for the District of Kansas on February 4, 2005 on drug trafficking and firearms possession charges. *See United States v. Jackson*, No. 2:05-CR-20018 (D. Kan.), docket no. 1.[1] A later superseding indictment charged petitioner with eleven counts relating to these

---

[1] The court takes judicial notice of the docket and corresponding documents filed in petitioner's case in the United States District Court for the District of Kansas, case number 2:05-CR-20018 ("Kansas Docket"). *See* Fed. R. Evid. 201(c)(1); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted)).

offenses. *Id.*, docket no. 93. On March 27, 2013, petitioner pled guilty to: one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of a mixture and substance containing crack cocaine (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii)); and one count of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §§ 924(c) and 2). *See* Kansas Docket, docket nos. 126, 127; *see also* Pet. at 3. On July 24, 2013, the Kansas court sentenced petitioner to 180 months in prison, consisting of 120 months on the drug trafficking count, and a consecutive 60 months on the § 924(c) count. Kansas Docket, docket no. 136; *see also* Pet. at 3.

The judgment against petitioner was entered on July 29, 2013. Kansas Docket, docket no. 136. Petitioner did not appeal the judgment.

On March 27, 2014, in the United States District Court for the District of Kansas, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing he received ineffective assistance of counsel. Kansas Docket, docket no. 138. That court denied petitioner's § 2255 motion on August 28, 2014. *Id.*, docket no. 151. Petitioner then attempted to appeal that denial, but the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability on January 29, 2015. *Id.*, docket nos. 152, 157.

On April 10, 2015, petitioner filed a petition for writ of certiorari to the United States Supreme Court, which denied the petition on June 8, 2015. *Id.*, docket nos. 158, 159.

On April 6, 2017 – the same day he filed the instant § 2241 Petition – petitioner sought to reopen his § 2255 motion in the District of Kansas by filing a Motion for Relief from Void Judgment. *Id.*, docket no. 192. Petitioner there argues that court failed to address all of his ineffective assistance claims when it denied his first § 2255 motion. That motion remains pending.

# III.

# DISCUSSION

Petitioner filed the instant habeas Petition in this Court under 28 U.S.C. § 2241. Petitioner contests his detention in federal prison by attacking the legality of a portion of his 180-month sentence imposed by the United States District Court for the District of Kansas in 2013. Pet. at 5-7.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). The Petition here is plainly a challenge to the legality of petitioner's § 924(c) conviction and sentence. But there is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez*, 204 F.3d at 864 n.2. A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That is petitioner's contention here.

**A.     The Petition Does Not Qualify for § 2255(e)'s Savings Clause**

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentsen*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per

se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the savings clause criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

In both his Petition and Response, petitioner characterizes his claim as a claim of actual innocence. *See* Pet. at 5-6; Response at 2-3. So characterized, his claim is that he is actually innocent, under *Rosemond*, of the crime of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 2 because, he contends, he did not know firearms would be at the residence used in the drug trafficking conspiracy. Since petitioner's § 924(c) conviction was in fact under 18 U.S.C. §§ 924(c) and 2, and since 18 U.S.C. § 2(a) provides that aiders and abettors are punished as principals, petitioner's § 924(c) conviction was apparently under an aiding and abetting theory. In *Rosemond*, the Supreme Court held that an "active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." *Rosemond*, 134 S. Ct. at 1249. Petitioner argues *Rosemond* – which was decided after his conviction – renders him actually innocent since he lacked such knowledge.

But a review of petitioner's plea agreement reveals *Rosemond* is inapplicable. The factual basis to which petitioner agreed in the plea agreement states that the two firearms in question were found during the execution of a search warrant at a residence out of which petitioner and his coconspirators had on previous dates sold crack cocaine, and at which there was also found evidence of crack cocaine manufacturing and distribution. *See* Kansas Docket, docket no. 127

5

at 5-6. Although the residence was maintained by the coconspirators, the plea agreement stated the two firearms belonged to petitioner. *Id.* at 6. Since the firearms belonged to petitioner, *Rosemond*'s requirement of knowledge of the firearms would not appear to relieve petitioner of guilt.

Petitioner argues that even if he knew firearms were at the house, that does not prove he knew they would be utilized to carry out the drug offense. Response at 2. But the plea agreement indicates the firearms' utilization was simply that they were on hand for protection where drugs were manufactured and distributed. Kansas Docket, docket no. 127 at 6. Thus, petitioner's knowledge of the guns' presence at the house would be sufficient to show he knew of the guns' utilization in the drug offense. By contrast, the Supreme Court found the trial court in *Rosemond* erred by not instructing the jury that the defendant needed "advance knowledge of the firearm's presence." *Rosemond*, 134 S. Ct. at 1251. Petitioner's advance knowledge was not in question here.

Moreover, even if *Rosemond* applied here, the Petition still does not fall within the savings clause because petitioner does not meet the second criterion to qualify for the savings clause, that he never had an "unobstructed procedural shot" to raise his claims on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. In making this determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted). *Rosemond* was decided on March 5, 2014. Petitioner did not file his first § 2255 motion in the District of Kansas until March 27, 2014, more than three weeks later. And even if petitioner had not had a chance to learn of the *Rosemond* decision by that date, he did not file his reply in support of his § 2255 motion until August 4, 2014, giving him plenty of opportunity to seek leave to

6

raise a claim under *Rosemond* before the Kansas court denied the § 2255 motion on August 28, 2014. Thus, petitioner does not qualify for the savings clause.

### B. This Court Lacks Jurisdiction

Because petitioner does not qualify for § 2255(e)'s savings clause, petitioner may not pursue his claims in a § 2241 habeas petition, but may instead pursue his claims only in a § 2255 motion. *See* 28 U.S.C. § 2255(e). This raises the question of whether this Court should recharacterize the Petition as a § 2255 motion. There are restrictions on the Court doing so. *See U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). But because, as discussed below, dismissal of the Petition rather than recharacterization is warranted here, the Court finds there is no need for it to go through the steps required by *Seesing*.

If the Petition were construed as a § 2255 motion, this Court would lack jurisdiction. Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864-65; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988); *see* 28 U.S.C. § 2255(a); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2255 motions must be filed in the district where the petitioner was sentenced"). Since petitioner is seeking to challenge a sentence imposed by the United States District Court for the District of Kansas, only that court has jurisdiction to entertain a § 2255 motion by petitioner.

The question then is whether the Court should dismiss the Petition for lack of jurisdiction or transfer it to the District of Kansas.

### C. The Petition Warrants Dismissal Rather Than Transfer

The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245

F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). Here, the first condition is met, as this Court lacks jurisdiction as discussed above, but the second and third conditions are not.

At the time of filing, the sentencing court was effectively barred from exercising jurisdiction over the claim in the Petition, which challenges a portion of petitioner's sentence. As a general rule, a petitioner must bring all arguments he intends to bring in his initial § 2255 motion or else risk having later arguments barred as successive. Since petitioner has previously filed a § 2255 motion, recharacterization of the instant Petition would subject both this Petition and any subsequent § 2255 motion to the restrictions on "second or successive" motions. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited. *See* 28 U.S.C. §§ 2255(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable"). A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining permission to do so from "a panel of the appropriate court of appeals." As discussed above, petitioner's first § 2255 motion was filed on March 27, 2014 in the District of Kansas, which denied his motion on August 28, 2014. Petitioner attempted to appeal that denial, but the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability on January 29, 2015. There is no indication petitioner has received permission from the Tenth Circuit to bring a second or successive § 2255 motion. In short, recharacterizing the instant Petition as a § 2255 motion would result in its dismissal as an improper successive § 2255 motion.

In addition, transfer would not be in the interest of justice. Before transferring a case to another jurisdiction, district courts may "consider the

consequences of transfer." *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999). To determine if transfer is in the interest of justice, the court undertakes a limited review of a petition in light of its likelihood of success. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011). Here, transfer would be futile since, in addition to being impermissibly successive, the Petition as a whole is time-barred.

There is a one-year statute of limitations to bring a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitation period runs from, as pertinent here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a defendant does not file a direct appeal of a judgment, the judgment of conviction becomes final "upon the expiration of the time during which [he] could have sought review by direct appeal." *U.S. v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). A criminal defendant must file a notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). Because judgment against petitioner here was entered on July 29, 2013, his time to appeal expired on August 12, 2013, making his judgment then final. Thus, petitioner's time to file a § 2255 motion expired on August 12, 2014. As the instant Petition was filed after that limitation period expired, recharacterization of the Petition as a § 2255 motion would also result in its dismissal as time-barred.

As such, transfer to the District of Kansas would be futile and is not in the interest of justice. Instead, the Petition will be dismissed for lack of jurisdiction.

\\
\\

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: June 1, 2017.

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
United States Magistrate Judge